**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARY WILLIAMS, *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL CASE NO. H-10-5219 | |
| § | | |
| TEXAS GARNISHMENT, *et al.*, § | | |
| Defendants. § | | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss [Doc. # 8] filed by Defendants Steve A. Kamel and Douglas W. Lyons, Jr. The Court conducted a hearing on the Motion to Dismiss in conjunction with the hearing on Plaintiffs' Application for Temporary Restraining Order on January 27, 2011. Having reviewed the full record, having carefully considered the evidence arguments presented by Plaintiffs and Defendants at the hearing, and having applied governing legal authorities, the Court **grants** the Motion to Dismiss.

**I.      BACKGROUND**

Plaintiffs Mary Williams, Mary Stewart, and Choo Choo Train Academy filed this *pro se* "Original Petition and Application for Temporary Restraining Order ["TRO"]" [Doc. # 1] complaining that funds in a bank account at Bank of America

had been subjected to a garnishment filed by Defendants Kamel and Lyons. Plaintiffs seek a TRO precluding Defendants[1] "from taking funds fraudulently" and "allowing Choo Choo Train to continue operations." Plaintiffs also seek reimbursement from Defendants for any "overdraft fees, any checks unpaid and returned check charges."

Defendants filed a Motion to Dismiss, noting that the Court lacked federal subject matter jurisdiction. Defendants also argued that the Court is without jurisdiction to consider a challenge to state court judgments and orders, citing *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (the "*Rooker-Feldman* doctrine").

## II.   LACK OF SUBJECT MATTER JURISDICTION

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted). In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Id.* When the court's subject matter jurisdiction is

---

[1]   Plaintiffs also named as a Defendant and sought a TRO against "Texas Garnishment." Defendants advise the Court that, to their knowledge, "Texas Garnishment" is not an existing legal entity capable of suing or being sued. Plaintiffs have presented no evidence to the contrary. As a result, Texas Garnishment is stricken from the list of Defendants. Steve Kamel and Douglas W. Lyons remain as the only listed Defendants.

challenged, the party asserting jurisdiction bears the burden of establishing it. *See, e.g., Castro v. U.S.*, 560 F.3d 381, 386 (5th Cir. 2009). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Id.* The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2007).

In this case, Plaintiff Mary Williams lists Houston, Texas, as her address and states that Choo Choo Train Academy is a Texas licensed childcare center. Defendants Kamel and Lyons are also citizens of Texas and, as a result, complete diversity among the parties does not exist and this Court lacks diversity jurisdiction.

As the basis for federal subject matter jurisdiction, Plaintiffs summarily state in the petition that there is a federal question and cite Federal Rule of Civil Procedure 65. Rule 65 does not, however, provide an independent basis for subject matter jurisdiction. *See Miller v. Heckler*, 601 F. Supp. 1471, 1488 (E.D. Tex. 1985) (citing *Citizens Concerned for Separation of Church and State v. City and County of Denver*, 628 F.2d 1289, 1298-99 (10th Cir. 1980)).

At the hearing, Plaintiff Mary Williams argued that the federal court has subject matter jurisdiction over this dispute because the garnished account at Bank of America

contains only federal funds.  Plaintiff cites no legal authority to support the argument that the existence in a garnished account of funds from a federal source is alone sufficient to create federal jurisdiction.  Instead, Plaintiff asserts only that she was told to file a lawsuit in federal court by an unidentified person who answered the telephone when Plaintiff called an office of the Department of Agriculture.  Moreover, Plaintiff's argument is not supported by the evidence in the record.  The evidence shows that the garnished account at Bank of America is a general account in the name of Choo Choo Train Academy, Inc. that includes deposits from sources other than agencies of the federal government.  Specifically, the deposits into the account are from "Neighborhood Ctr."  *See* Plaintiffs' Exhibits 1 and 2.  At the hearing, Plaintiff identified "Neighborhood Ctr" as an agency of the Texas Department of Agriculture.  Although it appears from Ms. Williams's understanding that the program may receives some federal funding, the program is administered by and payments are made by the Texas Department of Agriculture.  *See* Plaintiffs' Exhibits 3 and 4.  Plaintiffs were authorized by the Texas Health and Human Services Commission ("HHSC") to participate in the program, *see* Plaintiffs' Exhibit 7, and Plaintiffs' "Special Nutrition Programs Agreement" is with the Texas HHSC.[2]  *See* Plaintiffs' Exhibit 8.

---

[2] After Plaintiffs began participating in the program, responsibility for administering the program was transferred from the Texas HHSC to the Texas Department of
(continued...)

Consequently, Plaintiffs have not established that this Court has federal question jurisdiction over the dispute.

Absent diversity or federal question jurisdiction, the case must be dismissed for lack of subject matter jurisdiction.

### III.  *ROOKER-FELDMAN* DOCTRINE

Even *if* there existed a basis for federal question jurisdiction, the *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).  Unsuccessful state-court litigants "may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Turner v. Cade*, 2009 WL 3817007, *2 (5th Cir. Nov. 16, 2009) (citing *Hale v. Harney,* 786 F.2d 688, 690-91 (5th Cir. 1986)).

In this case, the uncontroverted record establishes that Defendants Kamel and Lyons represented Lewis E. Walker in a divorce proceeding in the 312th District

---

2   (...continued)
    Agriculture.  *See* Plaintiffs' Exh. 6.

Court of Harris County, Texas. The litigation between Lewis E. Walker and Plaintiffs in this case resulted in a finding that Plaintiffs herein defrauded the Walker community property estate of $3,800,000.00. The Harris County court issued a Final Decree of Divorce ("Final Decree"), attached as Exhibit 1 to the Motion to Dismiss, awarding Lewis E. Walker a monetary judgment in the total amount of $3,509,293.91. The Final Decree ordered that Mary Williams, Mary Stewart, and Choo Choo Train Academy, Inc., among others, were jointly and severally liable for the monetary judgment, but Lewis E. Walker was required to attempt to collect the judgment first from Mary Williams. The Final Decree provided that Lewis E. Walker was awarded a security interest in Choo Choo Train Academy, and in "all property in the possession of Mary A. Williams Walker, Mary Stewart, Choo Choo Train Academy, Inc." and others.

Following entry of the Final Decree, the District Clerk of Harris County issued Writs of Garnishment on the basis of that court order against financial institutions with any indebtedness to Plaintiffs. The Writ of Garnishment issued to Bank of America, the subject of this lawsuit, is attached as Exhibit 2 to the Motion to Dismiss.

Because the Writ of Garnishment was issued in accordance with the Final Decree, this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine to consider Plaintiffs' challenge in this Court to the Writ of Garnishment issued to Bank

of America by the Harris County clerk.  The Court expresses no opinion regarding the propriety of the Final Decree or the Writ of Garnishment, which Plaintiffs may challenge in the appropriate state court.

IV. **CONCLUSION AND ORDER**

This Court lacks subject matter jurisdiction over this dispute.  Additionally, well-established authority of the United States Supreme Court prevents this Court from considering Plaintiffs' challenge to facially-valid state court judgments and other orders.  Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 8] is **GRANTED** and this case is **DISMISSED**.  The Court will issue a separate final order.

SIGNED at Houston, Texas, this 31st day of **January, 2011**.

*(signed)*
Nancy F. Atlas
United States District Judge